```
1   Jed W. Morris, Esq.
    LUKINS & ANNIS
2   717 W. Sprague Ave., #1600
    Spokane, Washington 99201-3923
3   509- 455-9555 (phone)
    509- 363-2479 (fax)
4
    Attorneys for Defendant
5   BNSF RAILWAY COMPANY sued
    Herein under its former name
6   THE BURLINGTON NORTHERN AND
    SANTA FE RAILWAY COMPANY
7
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRODUCE COUNTRY SALES, LLC. a Washington limited liability company, | CASE NO. 05-CV-5106-EFS |
| Plaintiff, | [Assigned to the Honorable Judge Shea] |
| vs. | |
| TRI-CITY RAILROAD COMPANY, LLC., a limited liability company; WASHINGTON STATE TRANSLOAD COMPANY, LLC., a limited liability company; and BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a corporation, | **STIPULATION OF COUNSEL REGARDING CONFIDENTIALITY OF DOCUMENTS AND PROTECTIVE ORDER THEREON** |
| Defendants. | |

TO THE COURT, TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

WHEREAS defendant BNSF Railway Company ("BNSF") has in its possession and anticipates receiving additional documents which it deems to be private business documents containing proprietary commercial information created

through the utilization of the proprietary Star Trak technology (hereafter "the Star Trak documents" and "Star Trak information");

Such Star Trak documents known to date are currently marked and identified respectively as BNSF 097, BNSF 098, BNSF 151, BNSF 152, BNSF 153, BNSF 189, BNSF 190, BNSF 222, BNSF 223, BNSF 224, BNSF 225, BNSF 270, BNSF 271, BNSF 272, BNSF 351, BNSF 352, BNSF 388, BNSF 389, BNSF 390, BNSF 391, BNSF 392, BNSF 393, BNSF 394. It is anticipated that BNSF may in the course of this litigation obtain from Star Trak additional documents relating to the railcars at issue which will also fall within the definition of "Star Trak" documents;

WHEREAS BNSF wishes to maintain the confidentiality of all such Star Trak documents and their contents and any later discovered Star Trak documents and their contents to protect BNSF's proprietary interest in such records and the business advantages it derives therefrom;

WHEREAS BNSF is also in possession and/or its subsidiary Western Fruit Express is also in possession of documents relating to the maintenance of the rail cars at issue in this case (hereafter the "car maintenance records");

WHEREAS BNSF deems these car maintenance records to be proprietary confidential business records containing information regarding BNSF's processes of car maintenance by which BNSF has an advantage over competitors in its industry and which BNSF wishes to maintain as confidential to protect BNSF's proprietary interest in such records and the business advantages it derives therefrom;

WHEREAS BNSF wishes that all such Star Trak documents and car maintenance records and their contents not be disclosed to any persons other than to counsel for the parties of record in this matter and/or to that small number of persons among their clients or experts in this litigation with a need to analyze the Star Trak documents in order to effectively participate in the litigation and/or settlement of this matter;

WHEREAS BNSF wishes that all such Star Trak documents and car maintenance records, if a party deems that they need to be filed with the Court in this matter, be filed under seal;

WHEREAS plaintiff PRODUCE COUNTRY SALES, LLC. and defendants TRI-CITY RAILROAD COMPANY, LLC. ("TCRC") and WASHINGTON STATE TRANSLOAD COMPANY, LLC ("WSTC") have agreed with BNSF to maintain the confidentiality of all such Star Trak documents and car maintenance records as desired by BNSF;

NOW THEREFORE the parties hereto stipulate and agree that all documents which BNSF identifies as confidential Star Trak documents and car maintenance records shall be protected and kept confidential as set forth directly below:

1. The Star Trak documents and car maintenance records will be marked confidential by BNSF upon disclosure to each party to this action by the marking: "CONFIDENTIAL";

2. The Star Trak documents and car maintenance records will not be disclosed to any persons other than to counsel of record for the parties and to each of those small number of persons from the named parties (or their experts) with a need to analyze the Star Trak documents in order to effectively participate in the litigation and/or settlement of this matter;

3. That all such Star Trak documents and car maintenance records and any copies of such documents will be destroyed and disposed of within ten days of the conclusion of the litigation to counsel for BNSF;

4. That if any party which deems it necessary to attach such Star Trak documents and/or and car maintenance records as an exhibit to any papers filed with the Court in this matter, then they shall do so only under seal so that members of the public will not have access to the Star Trak documents;

5. That if any Star Trak documents or car maintenance records are made exhibits to a deposition in this case all such exhibits must be sealed and any such deposition exhibit so sealed, if it be thereafter filed in the Court before which this matter is pending, will also be filed under seal.

IT IS SO STIPULATED.

Dated: March __, 2006          LUKINS & ANNIS

                               _____
                               JED W. MORRIS
                               Counsel for Defendant
                               BNSF RAILWAY COMPANY

Dated: March __, 2006          LAW OFFICES OF
                               LESLIE G. MCMURRAY

                               _____
                               Leslie G. McMurray
                               Counsel for Defendant
                               BNSF RAILWAY COMPANY

Dated: March __, 2006          EISENHOWER & CARLSON, PLLC
                               RYNN & JANOWSKY, LLC

                               _____
                               John R. Ruhl
                               Counsel for plaintiff
                               PRODUCE COUNTRY

Dated: March 15, 2006          MILLER, MERTENS & SPANNER, PLLC

                               _____
                               BRANDON JOHNSON
                               Counsel for Defendants
                               TRI-CITY RAILROAD COMPANY, LLC.; WASHINGTON STATE TRANSLOAD COMPANY, LLC.

|   |   |   |
|---|---|---|
| 1 | 4. | That if any party which deems it necessary to attach such Star Trak |
| 2 |   | documents and/or and car maintenance records as an exhibit to any |
| 3 |   | papers filed with the Court in this matter, then they shall do so only |
| 4 |   | under seal so that members of the public will not have access to the |
| 5 |   | Star Trak documents; |
| 6 |   |   |
| 7 | 5. | That if any Star Trak documents or car maintenance records are made |
| 8 |   | exhibits to a deposition in this case all such exhibits must be sealed |
| 9 |   | and any such deposition exhibit so sealed, if it be thereafter filed in the |
| 10 |   | Court before which this matter is pending, will also be filed under |
| 11 |   | seal. |

IT IS SO STIPULATED.

Dated: March 24, 2006                         LUKINS & ANNIS

                                              _____
                                              JED W. MORRIS
                                              Counsel for Defendant
                                              BNSF RAILWAY COMPANY

Dated: March 22, 2006                         LAW OFFICES OF
                                              LESLIE G. MCMURRAY

                                              _____
                                              Leslie G. McMurray
                                              Counsel for Defendant
                                              BNSF RAILWAY COMPANY

Dated: March 22, 2006                         EISENHOWER & CARLSON, PLLC

                                              _____
                                              John R. Ruhl
                                              Counsel for plaintiff
                                              PRODUCE COUNTRY

Dated: March ___, 2006                        MILLER, MERTENS & SPANNER,
                                              PLLC

                                              _____
                                              BRANDON JOHNSON
                                              Counsel for Defendants
                                              TRI-CITY RAILROAD COMPANY,
                                              LLC.;WASHINGTON STATE
                                              TRANSLOAD COMPANY, LLC.

4

ORDER ON STIPULATION

**PLEASE TAKE NOTICE** that the court, having reviewed the stipulation of the parties set forth above, and good cause appearing therefore, hereby makes the following order:

1. Certain documents are in the possession of defendant BNSF Railway Company ("BNSF") which BNSF has identified as "the Star Trak documents."

2. Certain documents are in the possession of defendant BNSF and/or its subsidiary Western Fruit Express which BNSF has identified as "car maintenance records."

3. Star Trak documents and car maintenance records will be marked "CONFIDENTIAL" by BNSF upon disclosure of such documents to each party to this action.

4. The Star Trak documents and car maintenance records will not be disclosed to any persons other than to counsel of record for the parties and to each of those small number of persons from the named parties (or their experts) with a need to analyze the Star Trak documents and/or car maintenance records in order to effectively participate in the litigation and/or settlement of this matter.

5. That all such Star Trak documents and car maintenance records and any copies of such documents will be destroyed and disposed of within ten days of the conclusion of the litigation to counsel for BNSF.

6. That if any party which deems it necessary to attach such Star Trak documents and/or car maintenance records as an exhibit to any papers filed with the Court in this matter, then they shall do so only under seal.

7. That if any Star Trak documents or car maintenance records are made exhibits to a deposition in this case all such exhibits must be sealed and any such deposition exhibit so sealed, if it be thereafter filed in the Court before which this matter is pending, will also be filed under seal.

IT IS SO ORDERED.

Dated: March 27th, 2006

s/ Edward F. Shea
HONORABLE WILLIAM F. SHEA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

C:\Documents and Settings\Administrator\My Documents\CLIENTS\BNSF\BNSF.077 (PRODUCE COUNTRY)\DISCOVERY\STIPCONFREV315.wpd